Please proceed, Counsel, when you're ready. Good morning, and may it please the Court, I'm Sharon Arkin for Appellant Micah Starr-Liberty. There are two fundamental issues in this appeal. The first is procedural, the second is substantive. Can you also raise your hand?  I don't like yelling at judges. On the procedural side of this case, it's clear from the record that the district court did not provide Ms. Liberty with her due process rights. As this Court in Miranda held, when an attorney is going to be sanctioned or reprimanded, as in this case, the district court is required to provide notice to the attorney that that's going to happen, and is then required to issue an order to show cause and give the attorney an opportunity to respond. That didn't happen here. At the hearing on the motion for withdrawal, which the transcript is in the record, the district court expressed its discontent, its dismay, its disgruntlement with the way Ms. Liberty handled the case, but never said, I'm going to impose sanctions or I'm contemplating imposition of sanctions. Never said, never issued an order to show cause, either orally or in writing, to Ms. Liberty to respond to those allegations. The next thing that happened was the order on the motion to withdraw, in which the reprimand was included. So procedurally, there's no question, I don't believe, that the district court erred and remand is required. My second point really is the most important as far as I'm concerned, because the facts in this record, I believe, demonstrate as a matter of law that Ms. Liberty didn't do anything wrong, that there was no sanctionable conduct, that under a sua sponte imposition of sanctions or reprimand under Rule 11, the district court was required to make a finding of bad faith, or mens rea standard, equivalent of, akin to the cases say, a criminal contempt standard. And there's simply no evidence here. All the evidence in the record reflects that Ms. Liberty did everything she could do in a very short time frame to assure herself that the case had merit, and as soon as she discovered it, well, she never said to the district court that the case didn't have merit. The district court assumed that that's what she was saying. She never said it. But when she came to the point of realizing that she and her client were taking disparate paths with regard to the prosecution of the case, she immediately brought a motion to withdraw, which was all she could do. And the record... One other thing, counsel. Can the district court sanction for pleadings in state court? No, it cannot. And that is part of our briefing as well. So the district court's errors were in various levels, and various arguments can be made, but all of them are defeated by this court's holdings, and demonstrate that the district court, as a matter of law, could not do what it did, could not impose the reprimand it did, could not impose the sanctions it did, could not oppose attorney's fees under Rule 11. That's another thing it did, which it cannot do under Rule 11, although the district court had the power to impose reasonable attorney's fees as a condition of withdrawal. It didn't do that. It did it under Rule 11, and it didn't have the power to do that. Unless the court has other questions, I'll reserve the remainder of my time for rebuttal. It appears not. Thank you, counsel. Thank you. Counsel, while you're coming up, it just appeared to me from reading your brief that you don't really take issue with any of the arguments that were made on behalf of Ms. Liberty. Your point was just to try to deflect any criticism that the city and county of San Francisco was responsible for delay. Is that a fair reading of your brief? Correct, Your Honor. By the way, Sean Connolly on behalf of the city. Yes, I think I tried to outline that in the brief. The city really doesn't have a horse in this particular case. There was a certain, I'll say, excuse or explanation offered by appellant about why or why not she may have committed sanctionable conduct. I think the point of the brief was to say it was unnecessary and unwarranted. I'll just leave it by saying, in addition to that, that Judge Walker issued sanctions based on the amendment and the argument or idea that insufficient or inadequate investigation had been conducted by the time of the amendment, which added the 1983 allegations. And encompassed in that is the argument by the court  before bringing the amendment. As I outlined in the brief, counsel substituting in as counsel one day before the amendment was made, everything that happened up to that point in time is the only thing that should have concerned the court. I don't think it concerns the defense or the city at this point. I don't know if counsel has saved time for rebuttal. I don't know if I should anticipate an argument, but I'm willing to strike an agreement to submit it as is unless counsel wants to continue raising it. Because I have more points, but I can... Should we find that Judge Walker didn't make a reasonable investigation? I had a feeling someone might ask that. I was hoping not. I don't... The city's position is we feel the case was meritless. And we agree that there should not have been an amendment to add 1983 allegations. I can leave it at that. I can't speak for that. I don't think I'm warranted in speaking to that. So if it's possible, I will submit. And if counsel wants to raise anything, I will ask for maybe the court... Or rebuttal. Or rebuttal. All right. Unless you have other questions. I don't think we have any questions on that point. We'll hear what comes for rebuttal and play it by ear. Tell us what you want us to do. I would like you to issue an opinion finding that... Okay. That's fine, too. Well, let me ask this question. Has this order been stayed? It has. In other words, part of it requires notification of the State Bar and things like that? The State Bar... It hasn't been done? The State Bar says it has not received any information. The Northern District Committee on Professional Responsibility has opened a file, but is withholding further proceedings pending the disposition in this case. So far as the State Bar is concerned, there's no case. As far as the Northern District Committee on Professional Responsibility is, there is a case. So if we, speaking hypothetically now, if we were to reverse this order, we should also vacate those portions of the order, you know, referring the matter to these various bodies, right? Exactly. And, yes, exactly, and permitting attorney's fees based on Rule 11. So what is the disposition? You were saying that you wanted us to disposal this case by doing what? What he just said. Oh, okay. That's a good answer. It works for me. Okay. But that's basically a reversal and vacating that portion of the order. And in terms, I don't need to address counsel's concerns about the factual issues, because I think the record speaks for itself. All right. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court. That completes our calendar for the week, and we are adjourned. All rise. The support for this session stands.
judges: Fletcher, Tashima, Rawlinson